IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PASSION WALKER, ANDREA WRIGHT, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-428-WC |
| | ) | |
| U.S. TITLE LOANS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

### I.    BACKGROUND

Plaintiffs brought the present action against Defendants U.S. Title Loans, Inc., Alabama Title Loans, Inc., and Dan Dew pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.[1]  Plaintiffs alleged that they were employed by Defendants at various times within the three years prior to suit, and that Defendants "willfully" violated  various provisions of the FLSA by, essentially, "failing to pay the plaintiffs . . . for the hours they have worked" and "failing to pay the plaintiffs . . . the premium overtime rate for each hour over forty each week they worked."  Complaint (Doc. #1) at ¶¶ 17-18.  On November 15, 2010, the Court entered an Order (Doc. #35) granting Defendants' Motion to Stay and Compel Arbitration (Doc. #26).  On March 31, 2011, the

---

[1]        In particular, Plaintiffs brought suit pursuant to the  collective action provision found in § 216(b).  In addition to the two original Plaintiffs, six other Plaintiffs have joined this action. *See* Notices of Filing Consent to Join (Docs. #27, 33).

parties filed a Joint Motion for Approval of Settlement Agreements (Doc. #40), in which the parties disclosed that they have successfully resolved their disputes in mediation and wish to have the instant litigation dismissed upon judicial approval of their settlement agreements.  The parties attached each Plaintiff's settlement agreement to the Motion.  On May 5, 2011, counsel for Plaintiffs submitted an Affidavit (Doc. #41) addressing some of the Court's concerns with the terms of the settlement agreement, as well as the manner in which the parties negotiated those terms.

## II.    DISCUSSION

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees. *Lynn's Food Stores v. United States Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).  An employee's claim for back wages under the FLSA may be compromised in only two ways: (1) with payment in full of back wages, supervised by the Secretary of Labor, with the employee giving up a right to sue for unpaid wages and liquidated damages; or (2) by stipulated judgment entered by a court in an FLSA action brought against the employer, entered after the court has "scrutiniz[ed] the settlement for fairness." *Id*. at 1352-53.  The court may approve a settlement which presents a reasonable compromise over issues that are actually in dispute with regard to pending FLSA claims. *Id*.  Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished opinion) (citing *Lynn's Food*, 679 F.2d at 1352).

In this case, there are actual disputes over Plaintiffs' FLSA claims, including "whether certain Plaintiffs were exempt under the Executive Exemption of the [FLSA];" "whether the Plaintiffs' time records were an accurate recording of their time;" "whether Plaintiffs' overtime was calculated appropriately;" "whether the Plaintiffs worked hours in addition to those recorded;" "whether the Plaintiffs worked the specific hours claimed;" "whether there is any evidence of willful violations;" and "whether the applicable statute of limitations would bar all or part of any potential recovery for certain Plaintiffs."  Joint Motion for Approval of Settlement Agreement (Doc. #40) at 3.  Plaintiffs' attorney indicates that each Plaintiff's case was "separately mediated" and that, with respect to each Plaintiff, "the employer disputed the hours claimed."  Affidavit (Doc. #41) at ¶¶ 3, 4. Plaintiffs' attorney also indicates that the amount of attorney's fees reflected in each settlement agreement was separately negotiated "over and above the back wages agreed upon."  *Id.* at ¶ 6.  In view of the disputed issues as to the claims before the Court, the manner in which the parties negotiated the settlement, and the compensation that Plaintiffs will receive from the settlement after payment of attorney's fees pursuant to each settlement agreement, the Court concludes that the settlements are fair and reasonable

compromises of the disputed issues and, further, that the amounts of attorney's fees are not unreasonable.

The parties' agreements also include confidentiality clauses, which require that they "covenant and agree that this Agreement and all its terms and conditions are, collectively and individually, totally confidential and shall not in any manner or for any reason be disclosed by either party without the express written consent of the other party except" in certain specified, limited circumstances.  Despite the confidentiality provision in each settlement agreement, the parties did not file the Joint Motion or the attached settlement agreements under seal, and have not filed a motion requesting that they be sealed.  Even if they had made such a request, "[t]he fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Prater v. Commerce Equities Management Company, Inc.*, 2008 WL 5140045 at *10 (S.D. Tex. Dec. 8, 2008).  Numerous courts have recently declined to approve of FLSA settlement agreements containing confidentiality provisions or have limited their approval of the agreement to those terms excluding such provisions.  *See, e.g., Scott v. Memory Company, LLC*, 2010 WL 4683621 at *2-3 (M.D. Ala. Nov. 10, 2010); *Glass v. Krishna Krupa, LLC*, 2010 WL 4064017 at *1-2 (Oct. 15, 2010); *see also Dees v. Hydradry, Inc.,* 706 F. Supp.2d 1227, 1242-1243 (M.D. Fla. 2010).  While this Court appreciates and shares the policy concerns articulated by those courts, the Court finds that such concerns are not so adversely

implicated in this case because the settlement agreements are public record and have not been requested to be placed under seal.[2]  Accordingly, the Court will grant the parties' Joint Motion For Approval of Settlement Agreements.

## III.   CONCLUSION

For all of the foregoing reasons, it is

ORDERED that the parties Joint Motion to Approve Settlement Agreements (Doc. #40) is GRANTED and this case will be dismissed pursuant to the settlements between the parties. An appropriate judgment will be entered.

DONE this 10th day of May, 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED  STATES  MAGISTRATE  JUDGE

---

[2]     As a practical matter, it is questionable whether the confidentiality provisions are even enforceable, given that the agreements have been made a matter of public record.  *See Poulin v. General Dynamics Shared Resources, Inc.*, 2010 WL 1813497 at *2 (W.D. Va. May 5, 2010) (noting that FLSA settlement agreement's "confidentiality provisions are likely unenforceable in light of the public filing of the Settlement Agreement").  The parties have agreed that, in the event that "any provision of [their] Agreement[s] is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect provided that the parties may still effectively realize the complete benefit of the promises and considerations conferred hereby."  In any event, as the enforcability of the confidentiality provisions is not presently before the Court, this Order shall not constitute any ruling as to that issue.